[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12423
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00746-CLS

TIMOTHY WEAKLEY,

Plaintiff-Appellant,

versus

CHRISTOPHER CONNOLLY,
In his Personal and Professional Capacity,
a.k.a. Chris Connolly,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 5, 2018)

Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Timothy Weakley, a non-prisoner litigant proceeding pro se and in forma pauperis, appeals the dismissal of his 42 U.S.C. § 1983 civil action.  The district court dismissed sua sponte Plaintiff's complaint -- pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) -- for failure to state a claim.  No reversible error has been shown; we affirm.

We review de novo a district court's sua sponte dismissal under section 1915(e)(2)(B)(ii).  Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017).  We construe liberally pro se pleadings.  Id.

In reviewing a dismissal under section 1915(e)(2)(B)(ii), we apply the same standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6).  Id.  To survive dismissal, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007).

Briefly stated, Plaintiff seeks to attack the validity and enforceability of his March 2017 state court sentencing order for third-degree theft.  Plaintiff -- who was then represented by a lawyer -- pleaded guilty pursuant to a signed plea agreement.  The state court imposed a 12-month sentence, suspended the sentence for 24 months, and ordered Plaintiff to pay restitution.  Under the terms of plea

2

agreement, Plaintiff agreed that restitution would be paid through Plaintiff's bankruptcy proceeding.

Plaintiff's complaint, liberally construed, alleges that the state court sentencing order violated federal bankruptcy laws and that enforcement of the unlawful state court order and of his plea agreement violated his federal constitutional due process rights. Plaintiff also challenges the validity of his guilty plea. Plaintiff seeks monetary damages and injunctive relief in the form of vacating the state court judgment.

To the extent Plaintiff seeks to challenge his state conviction and sentence, no such relief is available under section 1983. Plaintiff is currently serving a suspended sentence and, thus, is considered "in custody" for purposes of 28 U.S.C. § 2254. See Birdwell v. Ala., 834 F.2d 920, 921 (11th Cir. 1987) ("an unexpired suspended sentence, if it carries the possibility of revocation or other adverse action" satisfies section 2254's "in custody" requirement). Accordingly, the sole remedy for Plaintiff to challenge the validity of his state conviction and sentence is through a section 2254 habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Moreover, because Plaintiff challenges directly the validity of the state court order and his guilty plea -- and seeks to vacate his conviction and sentence -- Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 481-82 (1994).

3

No relief can be granted on Plaintiff's claims in a section 1983 proceeding; the district court thus committed no reversible error in dismissing Plaintiff's complaint for failure to state a claim.  Moreover, because amendment would have been futile, the district court was under no obligation to provide Plaintiff notice or an opportunity to amend before dismissing the complaint.  See Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1248 (11th Cir. 2015).

AFFIRMED.